IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HOWARD JACKSON,
No. R18773,

       Plaintiff,

vs.

WEXFORD HEALTH CARE
SOURCES, INC., and
DOCTOR FOSTER,

       Defendants.

Case No. 13-cv-01134-MJR

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff Howard Jackson, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on inadequate medical care for an insect bite on his genitals.

      This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.

## Discussion

According to the complaint, Plaintiff was treated by a nurse practitioner for an insect bite on his genitals. Plaintiff was given ibuprofen and scheduled for an x-ray, but he has never been seen by a doctor, nor has he been informed of the results of the x-ray. Plaintiff continues to experience pain and discomfort. Administrative grievances have gone unanswered. Wexford Health Care Sources, Inc., the prison healthcare provider, and Dr. Foster, the director of health care at Lawrence, are the only named defendants.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

Wexford Health Care Sources, Inc., a corporation, cannot be held liable for its employees' constitutional violations simply because it is the employer. However, Wexford can be liable if Plaintiff's harm is caused by its unconstitutional policy or practice. *See Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917 (7th Cir.2004); *Maniscalco v.*

*Simon,* 712 F.3d 1139, 1145 (7th Cir. 2013) (no *respondeat superior* liability for private corporation). The complaint contains no such allegation; therefore, Wexford Health Care Sources, Inc., will be dismissed as a defendant.

Because Section 1983 liability is predicated upon personal involvement, the doctrine of *respondeat superior* is not applicable. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Consequently, Dr. Foster cannot face liability merely because of his position as the Director of Medical Services at Lawrence. There are no allegations of personal involvement on the part of Dr. Foster. For these reasons, Dr. Foster will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that this action against Defendants **WEXFORD HEALTH CARE SOURCES, INC.**, and **DR. FOSTER** is **DISMISSED** with prejudice. Judgment shall enter accordingly and this case shall be closed. This dismissal shall count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel (Docs. 3 and 8), and motion for service of process at government expense (Doc. 4) are all **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:** December 2, 2013

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**